IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH - CENTRAL DIVISION

FILED IN UNITED STATES DISTRICT COURT, DISTRICT OF UTAH
JUN 24 2010
D. MARK JONES, CLERK
BY_____ DEPUTY CLERK

| | |
|---|---|
| TERRY J. STEPHENSON,<br><br>Plaintiff,<br><br>v.<br><br>UTAH COUNTY, et al.,<br><br>Defendants. | **ORDER**<br><br>Case No. 2:08-CV-433<br><br>Judge Dee Benson |

This matter is before the court on defendants Utah County, James O. Tracy, John Carlson, Mark Worthington, Laura Tramell, Anita Luke, Brenda Prince, Dale Bench, Sharon Hallan, and Daniel Goodwin's (collectively "Utah County defendants") motion for judgment on the pleadings. On June 21, 2010, the court held a hearing on the motion. At the hearing, the Utah County defendants were represented by Frank D. Mylar and plaintiff Terry J. Stephenson was represented by Mark A. Flores. During the course of the hearing, the parties agreed to dismiss Stephenson's first cause of action under the Fifth, Ninth, and Fourteenth Amendments and his third and fourth causes of action. The parties also agreed not to dismiss Stephenson's first cause of action under the Eighth Amendment. Consequently, the sole issue before the court was whether Stephenson's second cause of action for violation of his article I, sections 7 and 9 rights under the Utah Constitution should be dismissed. At the onset and conclusion of the hearing, the court announced that it was inclined to dismiss Stephenson's second cause of action because Stephenson failed to comply with the notice provision of Utah's Governmental Immunity Act ("UGIA"). Now, consistent with that preliminary view, and having taken the motion under advisement, the court has further considered the law and facts relating to the motion and renders the following Order.

The UGIA provides "[a]ny person having a claim against a governmental entity, or against its employee . . . shall file a written notice of claim with the entity before maintaining the action." Utah Code Ann. § 63G-7-401(2). A claim is defined as "any asserted demand for or cause of action for money or damages, whether arising under the common law, under *state constitutional provisions*, or under state statutes, against a governmental entity or against an employee in the employee's personal capacity." *Id.* § 63G-7-102(1) (emphasis added). Under the UGIA, "[a] claim against a governmental entity or against an employee . . . is barred unless notice of claim is filed with the person and according to the requirements of Section 63G-7-401 within one year after the claim arises." *Id.* § 63G-7-402. Failure to file a notice of claim and properly serve it is "fatal to the trial court's jurisdiction." *Nielson v. Gurley*, 888 P.2d 130, 136 (Utah Ct. App. 1994). Stephenson's claim arose in 2006. Stephenson did not file a written notice with Utah County within one year after the claim arose. Stephenson did not comply with the notice requirement.

Even though Stephenson failed to comply with the notice requirement, he argues that his claim should not be dismissed because the UGIA does not apply to state constitutional claims. However, the Utah Supreme Court has held that the UGIA's requirements are applicable to Stephenson's claim if they constitute a reasonable regulation of his state constitutional rights. *See Bott v. DeLand*, 922 P.2d 732, 743 (Utah 1996) (overruled on other grounds). The purpose of the UGIA's notice requirement "is to provide the governmental entity an opportunity to correct the condition that caused the injury, evaluate the claim, and perhaps settle the matter without the expense of litigation." *Houghton v. Dept. of Health*, 125 P.3d 860, 866 (Utah 2005) (citation and quotation marks omitted). Filing a notice of claim to ensure that this purpose is fulfilled does not unreasonably impair Stephenson's article I, sections 7 and 9 rights. The burden

associated with this procedural requirement is minimal. Thus, the court holds that the UGIA's notice requirement constitutes a reasonable regulation of Stephenson's asserted state constitutional rights. Accordingly, Stephenson's second cause of action is subject to the notice requirement of the UGIA and is dismissed.

Based on the foregoing reasons, the Utah County defendants' motion for judgment on the pleadings is DENIED in part and GRANTED in part. Stephenson's causes of action against the Utah County defendants are dismissed except for his first cause of action under the Eighth Amendment.

IT IS SO ORDERED.

DATED this 24th day of June, 2010.

_____
Dee Benson
United States District Judge